**SOLIS v. CLEMMER, Director of Department of Corrections.**

No. 9638.

United States Court of Appeals District of Columbia.

Argued Jan. 13, 1948.

Decided March 8, 1948.

Writ of Certiorari Denied June 21, 1948.

See 68 S.Ct. 1519.

Mr. Donald H. Dalton, of Washington, D. C. (appointed by this court) for appellant.

Mr. Ross O'Donoghue, Assistant United States Attorney, of Washington, D. C.,

---

[9] 1943, 325 Mo. 141, 176 S.W.2d 281.
[10] 1941, 122 F.2d 895.

[11] Mo.Rev.Stat.1939, § 5851, Mo.R.S.A.

with whom Mr. George Morris Fay, United States Attorney, Mr. Oliver O. Dibble, Assistant United States Attorney, and Mr. Sidney S. Sachs, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee. Mr. John D. Lane, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant was charged on two informations with housebreaking, petit larceny and grand larceny. When the informations were presented to the District Court, the Assistant United States Attorney announced that the defendant wished to plead guilty. The court said: "Very well. You understand you would have a right to have the Grand Jury investigate your case, and have a right to trial before a Jury if you were indicted, and the right to have an attorney to represent you and advise you?" The defendant replied, "I understand that very well, Your Honor, and I prefer to plead guilty to the charges and proceed by information." The court pursued the question by asking, "And do you wish to waive these rights I have mentioned?", to which the defendant answered, "Yes, sir." The prosecutor then handed the defendant copies of the informations, asking him to sign a receipt and a waiver. The court said, "Before you sign it, you look at the information," and the defendant said, "I read the information last night, Your Honor. I am perfectly aware of what I am doing there." About a month later, the defendant was brought before the court for sentence, another judge presiding. The court asked him, "Do you have a lawyer?" The defendant answered, "No, sir. I waive the hearing of [sic] trial, and choose to plead guilty to the case by information." He then told the court that he was sorry that he had disgraced his family, that he thought he had a chance to rehabilitate himself, that he knew he had done wrong, and that he threw himself upon the mercy of the court. An error was made by the court in his sentence, and about a month later the defendant was again brought before the court. At this time he contended that at the time of his arrest, plea and sentence he was too emotionally upset to realize the seriousness of what he was doing; that "As a matter of fact I didn't know at all what I was doing"; and that he had been deprived of his constitutional rights in flagrant violation of ·the "Federal Civil Rights Law".

A few months after the foregoing occurred, the defendant filed his petition for a writ of habeas corpus, the principal claim of which was that "Petitioner was highly emotionally ill and in a psychopathic state at that time, which rendered him incapable of acting for himself in an intelligent, rational, or competent manner." The writ was issued and a hearing had before the District Court, at which the petitioner testified and also presented a doctor employed at the District Jail. No other evidence was offered. The court concluded that none of the constitutional rights of the defendant had been invaded or violated and that after having been advised of his rights he had intelligently and knowingly elected to proceed as he did. We find nothing whatever in this record which would throw doubt upon the conclusions of the trial court. There was no evidence of incompetency, although there was evidence of extreme nervousness and depression while he was in the District Jail.

The judgment is affirmed.